UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWAYNE ROLIN WALKER, JR.,

    Petitioner,

v.

SHERMAN CAMPBELL,

    Respondent.
_____/

Case No. 2:25-cv-11738

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER DENYING MOTION TO STAY PROCEEDINGS (ECF No. 1), DISMISSING CASE WITHOUT PREJUDICE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Dawayne Rolin Walker, Jr., ("Petitioner"), confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a "Motion to Stay the Proceedings and Hold Petition In Abeyance," which was docketed as a habeas corpus petition under 28 U.S.C. § 2254. ECF No. 1. Petitioner asks this Court to stay the proceedings and hold the petition in abeyance to permit him to initiate post-conviction proceedings in the state courts, so that he may exhaust claims which have yet to be presented to the state courts. As explained below, the motion to hold the petition in abeyance will be denied, and the case dismissed without prejudice.

## I. BACKGROUND

A jury convicted Petitioner in the Oakland County Circuit Court of carjacking and sentenced him to 35–75 years in prison. His conviction was affirmed on his appeal of right. *People v. Walker*, No. 362638, 2023 WL 5313737 (Mich. Ct. App. Aug. 17, 2023), *appeal denied*, 5 N.W.3d 13 (Mich. 2024), *cert. denied sub nom. Walker v. Michigan*, 145 S. Ct. 555 (2024).

Petitioner filed a "Motion To Stay The Proceedings and Hold Petition in Abeyance," which indicates his intention to seek habeas relief from his state-court conviction. Petitioner asks this Court to hold his case in abeyance so that he may return to the state courts to exhaust additional claims. By his own admission, however, Petitioner has not yet filed an actual habeas petition with this Court. ECF No. 1 at PageID.1.

## II. DISCUSSION

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

The United States Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his or her state post-conviction filings on the Antiterrorism and Effective Death Penalty Act's (AEDPA) statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Here, Petitioner is not entitled to a stay of proceedings for several reasons.

First, Petitioner has not filed an actual petition for writ of habeas corpus, and so there is no petition to hold in abeyance. *See, e.g.*, *Hall v. Trierweiler,* No. 16-CV-10126, 2016 WL 3611887, at *1–2 (E.D. Mich. July 6, 2016) (declining to construe Motion to Hold Habeas Petition in Abeyance as a petition for writ of habeas corpus, when there was no actual petition filed with the court); *see also Plitt v. On Habeas Corpus,* 1:07-CV-00341, 2007 WL 1412048, *1 (E.D. Cal. May 11, 2007) (declining to hold case in abeyance when no petition had been filed). Petitioner acknowledges that he does not have a petition for writ of habeas corpus pending before this Court.

ECF No. 1 at PageID.1 ("Please note that at this current time I do not have any Petition filed in this Court.").

Moreover, it is unclear whether Petitioner even wishes to file an actual petition for writ of habeas corpus at this time. Before a district court recharacterizes a pleading as a habeas petition brought under 28 U.S.C. § 2254, it must give notice to the petitioner of its intention to convert the petition into one brought under § 2254 and give the petitioner the option of withdrawing the petition. *See Martin v. Overton,* 391 F.3d 710, 713 (6th Cir. 2004) (citing *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002)). The recharacterization of a pleading as a § 2254 petition without prior notice to petitioners may bar them from later asserting a habeas challenge to their state sentence, due to the limitations placed on second or successive habeas petitions under 28 U.S.C.§ 2244(b). *Id.*

Here, rather than recharacterizing Petitioner's current motion as a petition for writ of habeas corpus under 28 U.S.C. § 2254, this Court shall dismiss his case without prejudice to avoid any adverse consequences with respect to any § 2254 claim or claims that Petitioner may wish to file in the future. *Id.* at 713 (holding that the district court should have dismissed the habeas petitioner's § 2241 petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action rather than to re-characterize it as a § 2254 petition without notice to petitioner).

Finally, even if Petitioner's motion were construed as a habeas petition, the Court would decline to hold the case in abeyance. That is because there are no exceptional or unusual circumstances here that would justify holding the case in abeyance pending Petitioner's return to the state courts to exhaust his claims. Indeed, direct review of Petitioner's conviction ended on November 12, 2024, when the United States Supreme Court denied Petitioner's petition for writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 529, n.4 (2003). Petitioner has until November 12, 2025, to timely file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(2) expressly provides that AEDPA's one-year statute of limitations is tolled during the pendency of any state post-conviction motion filed by Petitioner. Because Petitioner has more than four months remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of Petitioner's state post-conviction proceedings, Petitioner would not be prejudiced if his case was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary to preserve the federal forum for Petitioner's claims. *See Schroeder v. Renico*, 156 F. Supp. 2d 838, 845–46 (E.D. Mich. 2001).

Accordingly, this Court will deny Petitioner's motion for stay and to hold the case in abeyance, and dismiss the action without prejudice. The dismissal is without prejudice so that Petitioner may file an actual petition for writ of habeas corpus with

Case 2:25-cv-11738-SKD-CI ECF No. 3, PageID.12 Filed 07/08/25 Page 6 of 6

the United States District Court for the Eastern District of Michigan, along with a proper motion to hold that petition in abeyance.

Finally, Federal Rule of Appellate Procedure 22 provides that an appeal in a habeas corpus proceeding may not occur unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Here, reasonable jurists would not debate the conclusion that Petitioner's motion to hold habeas petition in abeyance should be summarily dismissed without prejudice. Therefore, the Court denies a COA.

### III. CONCLUSION

Accordingly, it is **ORDERED** that Petitioner's Motion to Stay Proceedings and Hold Petition in Abeyance, ECF No. 1, is **DENIED**. The case is **DISMISSED WITHOUT PREJUDICE**. Further, a certificate of appealability is **DENIED**.

    */s/Susan K. DeClercq*
    SUSAN K. DeCLERCQ
    United States District Judge

Dated: July 8, 2025

- 6 -